UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY BLANCO, #515491, | ) ) ) |
| Plaintiff, | ) No. 3:17-cv-00238 ) CHIEF JUDGE CRENSHAW |
| v. | ) ) |
| TENNESSEE DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

# ORDER

Ashley Blanco, an inmate of the Women's Therapeutic Residential Center in Henning, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 against the Tennessee Department of Correction (TDOC), Tennessee Prison for Women, Commissioner Tony Parker, Sergeant f/n/u Devoe, Warden Carolyn Jordan, Captain Dennis Henry, f/n/u Robertson, Sergeant R. Tidwell, Correctional Officer f/n/u Dawson, Captain P. Capps, Correctional Officer f/n/u Clark, Inmate Relations Coordinator f/n/u Hunter, and Correctional Officer f/n/u Campbell, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). The Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 6).

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). It appears from the Plaintiff's application that she lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, her application to proceed *in forma pauperis* (Doc. No. 6) is **GRANTED**.

1

However, under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the Plaintiff's inmate trust fund account at the institution where she now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, the trust officer must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate

trust funds accounts at the Women's Therapeutic Center to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the Plaintiff is transferred from her present place of confinement, the custodian of her inmate trust fund account **MUST** ensure that a copy of this Order follows the Plaintiff to her new place of confinement for continued compliance with this Order.

The Court has reviewed the complaint pursuant to the Prison Litigation Reform Act (PLRA) and, for the reasons explained more fully in the Memorandum entered contemporaneously herewith, finds that the complaint fails to state § 1983 claims upon which relief can be granted as to all claims and Defendants. Therefore, those claims and Defendants are hereby **DISMISSED.** However, the Plaintiff's Due Process claim premised on the loss of personal property is hereby **DISMISSED WITHOUT PREJUDICE.** 28 U.S.C. § 1915A.

The Plaintiff's motion for appointment of counsel (Doc. No. 2) is hereby **DENIED AS MOOT.**

This Order constitutes the final judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE